LONGYEAR, O'DEA & LAVRA, LLP
John A. Lavra, CSB No.: 114533
Amanda L. McDermott, CSB No.: 253651
Kelley S. Kern, CSB No.: CSB No.: 221265
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
Facsimile: 916-974-8510

Attorneys for City of West Sacramento;
West Sacramento Police Department;
Jason M. Winger; David M. Stallions;
Michael Duggins; Kenneth E. Fellows;
Carl J. Crouch; Eric M. Palmer;
Matthew S. Luiz; Louis Cameron

JOHN M. LUEBBERKE, City Attorney
State Bar No. 164893
JAMES F. WILSON, Deputy City Attorney
State Bar No. 107289
425 N. El Dorado Street, 2nd Floor
Stockton, CA  95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

Attorneys for Defendants City of Stockton,
Stockton Police Department

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sonny Martinez; Jessica Martinez, individually and as the mother and Guardian Ad Litem for minors VJM, GRM, ARM, and EVM; and Joann Ramirez,<br><br>            Plaintiffs,<br><br>      vs.<br><br>City of West Sacramento; West Sacramento Police Department; Jason M. Winger; David M. Stallions; Michael Duggins; Kenneth E. Fellows; Carl J. Crouch; Eric M. Palmer; Matthew S. Luiz; Louis Cameron; West Sacramento Doe 1 through 25; City of Stockton; Stockton Police Department; Dan T. Zwicky; Stockton Doe 26 through 50; Rafael Altamirano; and Doe 51 through 100,<br><br>            Defendants. | Case No.: 2:16-CV-02566-TLN-EFB<br><br>**WEST SACRAMENTO AND STOCKTON DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO DISMISS AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**<br><br>**[Fed. R. Civ. P. 8, 12(b)(6), 12(e)]**<br><br>DATE:   February 9, 2017<br>TIME:    2:00 p.m.<br>CTRM:  2<br>JUDGE:  Honorable Troy L. Nunley |

**WEST SACRAMENTO AND STOCKTON DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO DISMISS AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

Page 1

## I.     INTRODUCTION

DEFENDANTS CITY OF WEST SACRAMENTO (also erroneously sued herein as the West Sacramento Police Department), JASON M. WINGER, DAVID M. STALLIONS, MICHAEL DUGGINS, KENNETH E. FELLOWS, CARL J. CROUCH, ERIC M. PALMER, MATTHEW S. LUIZ, AND LOUIS CAMERON, collectively the "West Sacramento Defendants," and DEFENDANTS CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT, collectively the "Stockton Defendants," bring the above-enumerated motions in response to Plaintiffs' Complaint.

Defendant Dan Zwicky makes no appearance here, as he has separately filed an application for extension of time within which to respond to Plaintiffs' Summons and Complaint. See Dkt. 24 and attachments. The application was granted extending the time for his response to February 28, 2017. See Dkt. 27.

Plaintiffs Sonny Martinez, Jessica Martinez, VJM, GRM, ARM, EVM, and Joann Ramirez (herein referred to collectively as "Plaintiffs") filed a complaint on October 27, 2016, against the West Sacramento Defendants, the City of Stockton and their employee, Dan T. Zwicky, and Rafael Altamirano, alleging violations of their federal and state constitutional rights, as well as various state laws.

As described below, Plaintiffs' Complaint is a complete violation of the federal pleading requirements, and is so defective that West Sacramento Defendants and Stockton Defendants (herein referred to as "Defendants") cannot reasonably prepare a response to all claims, and requiring them to do so would be prejudicial and unduly burdensome. See Federal Rule of Civil Procedure 8(a)(2), (d)(1). It is appropriate and necessary to dismiss the complaint, or in the alternative, require Plaintiffs to provide a more definite statement of their claims.

## II.     THE COMPLAINT FAILS TO COMPLY WITH RULE 8

The Federal Rules of Civil Procedure call for a "*short* and *plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphases added). Rule 8(d)(1) requires that "each averment of a pleading shall be simple, concise, and direct." Further,

the rules call for each paragraph of the complaint to be "limited to a single set of circumstances," where possible. Fed. R. Civ. P. 10(b).

To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996). Even if the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. Id. at 1178. This applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6). Id., at 1179 (construing former Rule 8(e), now 8(d)) (citing Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) and Von Poppenheim v. Portland Boxing & Wrestling Comm., 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)).

Moreover, a "complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)." Fritz v. Cty. of Kern, No. CV-F-07-377 OWW/TAG, 2009 U.S. Dist. LEXIS 10970, at *8 (E.D. Cal. Feb. 11, 2009); see also In re Elec. Data Sys. Corp. "ERISA" Litig., 305 F. Supp. 2d 658, 664 (E.D. Tex. 2004) (rule 8 is violated when plaintiffs choose to plead excessive facts).

Plaintiffs' Complaint is sixty-nine (69) pages long with more than four hundred (400) paragraphs—many of the paragraphs containing one (1) to twenty (20) or more sub-paragraphs. Most paragraphs contain multiple sentences of separate accusations, rhetoric, and conclusory allegations. The bulk of the Complaint appears to be an unnecessary, excessive, and confusing chronicle of the evidentiary material from Plaintiff Sonny Martinez's underlying criminal case.

Paragraph 8 of the Complaint, entitled "Nature of the Case," spans over three (3) pages and consists of 82 lines of material more properly suited for an opening statement and closing argument at trial. (See Complaint at 2:25-5:23). Paragraph 232.3 contains ten (10) separate sentences of narrative material. (Id. at 51:18-52:8). Paragraph 232.4 spans approximately two (2) pages and consists of fifty-four (54) lines of continued narrative, separate accusations, and alleged facts. (Id. at 52:9-54:6.) Paragraph 275 consists of thirty-one (31) lines of more of the

same improper narrative material. (Id. at 59:20-61:2.) These are only a few of the many examples of unnecessary and inappropriate content contained in the Complaint.

Additionally, the Complaint asserts fifteen (15) claims for relief.[1] Apart from the Thirteenth Claim for Relief (Loss of Consortium), none identifies which of the seven (7) plaintiffs are asserting the claim. The First, Tenth, Eleventh, Twelfth, Thirteenth and Fourteenth claims for relief do not specify which of the fourteen (14) defendants they are asserted against. As pled, there do not appear to be any claims asserted by Plaintiffs VJM, GRM, or Ramirez, or any claims against the municipal defendants. Other than Defendant Crouch, the complaint fails to state or identify any specific action taken by the West Sacramento Defendants sued in their individual capacities that were allegedly in violation of any of Plaintiffs' rights or any state or federal law.

Answering this complaint would be an expensive and unjustified burden. A 69-page complaint containing approximately 400 paragraphs prejudices Defendants by burdening them with the task of combing through the prolix and lengthy pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated at the earliest outset of the case. See Fed. R. Civ. P. 8(b); McHenry, 84 F.3d at 1178 ("[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action."); Mendez v. Draham, 182 F. Supp. 2d 430, 433 (D.N.J. 2002) ("Only through superhuman patience, effort, and insight, could any attorney review the allegations of the Complaint and make paragraph-by-paragraph responses."). It would be time consuming for counsel and expensive for the client to search out documents and personnel to file a good faith answer to Plaintiffs' hundreds of averments.

### III. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

---

[1] There are two (2) claims for relief titled "SEVENTH CLAIM FOR RELIEF." One is for unreasonable search and seizure pursuant to Article I, § 13 of the California Constitution, and the other is for assault.

plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

When determining the sufficiency of a claim under Rule 12(b)(6), factual allegations in the complaint are accepted as true and the pleading is construed in the light most favorable to the non-moving party. Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008); see also Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted).

A court should "dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." Student Loan Marketing Ass'n v. Hanes, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

### A. Plaintiffs' Fail to State a Claim Against the Municipal Defendants, or Any of Them, for Violation of Their Constitutional Rights

Local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipality can only be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; See also Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

Plaintiffs must prove two basic elements: (1) that a constitutional violation occurred; and

(2) that a municipal defendant—City of West Sacramento, West Sacramento Police Department, City of Stockton, and/or Stockton Police Department—is responsible for that violation. With respect to the second element, Plaintiffs must identify the policy, connect the policy to the municipality and/or public entity itself, and show that the particular injury was incurred because of the execution of that policy. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006); Monell, 436 U.S. at 691-694.

Despite the incredible length and excessive detail of the Complaint, Plaintiffs fail to identify even a single official policy, practice, or custom of either the City of West Sacramento, West Sacramento Police Department, City of Stockton, or the Stockton Police Department that in any way contributed to their alleged constitutional violations. The only mention of a policy is a brief and conclusory statement that "the individual defendants conformed their conduct in whole or part to the official customs, policies, or practices of their public entity employers, and in whole or in part to their training." See Complaint at ¶ 23. That alone is not sufficient to satisfy the federal pleading requirements.

To the extent Plaintiffs' First through Fifth Claims for Relief are asserted against either the City of West Sacramento, West Sacramento Police Department, City of Stockton, or the Stockton Police Department, they fail to state a claim upon which relief can be granted against a public entity defendant pursuant to 42 U.S.C. § 1983 and therefore said claims should be dismissed as to those Defendants, and each of them.

### B. **Plaintiffs' Fail to State a Claim Against the Individually Named Defendants of the City of West Sacramento and/or West Sacramento Police Department**

Under the federal rules, while a pleading does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Plaintiffs must allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. 544 at 557).

Moreover, as to Plaintiffs' constitutional claims, there can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed constitutional deprivation. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiffs' Complaint asserts fifteen claims for relief. It does not identify which of the fourteen (14) defendants each of those claims is asserted against. Further, the Complaint fails to state how each of the defendants personally participated in the alleged violation of each Plaintiffs' rights or how their actions resulted in some injury to each or any of the plaintiffs. Instead, throughout the Complaint, Plaintiffs' make conclusory allegations and statements that they attribute to "each individual defendant."

As to Defendants Winger and Stallions, Plaintiffs merely state that they applied for and obtained warrants. (See Complaint at ¶¶ 133-134.) There are no other specific allegations related to these two defendants or any further statements as to how their actions violated any Plaintiffs' rights or caused any Plaintiff injury.

Plaintiffs claim that Defendant Palmer interviewed an eye witness to the crime that is the basis of the underlying criminal case against Plaintiff Sonny Martinez. (See Complaint at ¶ 125.) There are no other specific allegations related to Defendant Palmer or any further statements as to how his actions violated any Plaintiffs' rights or caused any Plaintiff injury.

Other than identifying that Defendants Duggins, Fellows, Cameron, and Luiz are "agents and employees of the City of West Sacramento and the West Sacramento Police Department," (Complaint at ¶ 12) there are no specific allegations related to these defendants or any further statements as to how their actions violated any Plaintiffs' rights or caused any Plaintiff injury.

Plaintiffs claim that Defendant Crouch notified the victim's family of when Plaintiff Sonny Martinez would be picking up his property and that the victim's family members were present when he arrived. (See Complaint ¶ 209.) However, Plaintiffs fail to link this action to any of their claims for relief or identify how Defendant Crouch's alleged actions violated any Plaintiffs' rights or caused any Plaintiff injury.

Because Plaintiffs' complaint fails to allege sufficient facts to constitute any actionable claim against of the moving individually named defendants, the instant motion should be granted as to each of them.

### IV.     MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)

Rule 12(e) provides, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." At least one court has stated that a defendant is expected to move for a more definite statement when faced with a lengthy, "shotgun" complaint. Anderson v. Dist. Bd. of Trustees of Centr. Florida Comm. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

The Complaint is so wide ranging with respect to claims, plaintiffs, and defendants that is comprises exactly the type of pleading subject to a motion under Rule 12(e) and requiring amendment. In its current form, the Complaint does not identify which Plaintiffs are asserting each cause of action, and often fails to identify which of the defendants it is asserted against.

By failing to properly identify the parties involved in each cause of action, Defendants are not able to fully or intelligently respond to the complaint and are not able to assert all possible defenses to the action. See Jercich v. County of Merced, 2006 U.S. Dist. LEXIS 94030, 22 (E.D. Cal. Dec. 18, 2006) ("A motion for more definite statement is more likely granted when there is ambiguity as to the nature of the claim or the party claimed against."). Defendants cannot adequately respond to the complaint in good faith or without prejudicing themselves. See Bautista v. L.A. County, 216 F.3d 837, 843 n.1 (9th Cir. 2000).

In a nutshell, the Complaint is massive, unorganized, and overwhelming to deal with. It contains copious amounts of material that are not linked to a cause of action and may very well be unrelated to the claims at hand. Requiring Defendants to respond to the Complaint is overly burdensome and prejudicial. Moreover, due to the vague and ambiguous nature of the Complaint, it will be difficult to limit the issues relevant for discovery.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint for failure to comply with the federal pleading requirements and for failure to assert claims upon which relief can be granted.

In the alternative, Defendants request that this Court grant their motion for a more definite statement, specifically requiring that Plaintiffs allege with particularity the bases of their claims for relief and the alleged acts that were committed by each of the moving Defendants.

Dated: December 29, 2016     LONGYEAR, O'DEA & LAVRA, LLP

By: /S/: John A. Lavra
JOHN A. LAVRA
AMANDA L. MCDERMOTT
KELLEY S. KERN
Attorneys for West Sacramento Defendants

Dated: December 29, 2016     JOHN M. LUEBBERKE
CITY ATTORNEY

By: /S/: James F. Wilson
JAMES F. WILSON
DEPUTY CITY ATTORNEY
Attorneys for City of Stockton Defendants